**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VIKI GENTILMAN,

        Plaintiff,

vs.     CASE NO. 3:02-cv-337–J-25TEM

JO ANNE B. BARNHART,
Commissioner of the
Social Security Administration,

        Defendant.
_____

**REPORT AND RECOMMENDATION [1]**

Plaintiff seeks judicial review of the denial of her claim for a period of disability and Disability Insurance Benefits.[2] To the extent Plaintiff raises a new claim of disability based on obesity, the undersigned recommends the District Court find the issue has been waived. To the extent Plaintiff claims the ALJ erred in his analysis of her asserted disability, the undersigned finds the decision of the Commissioner is based on substantial evidence in the record and recommends the decision be **AFFIRMED.**

**I.  Social Security Act Eligibility
and the Standard of Review**

A plaintiff is entitled to disability benefits when he or she is unable to engage in

---

[1]Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

[2]The Commissioner has filed the transcript of the record of the proceedings below, which hereinafter is referred to as "Tr." followed by the appropriate page number.

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that twelve (12) months. 20 C.F.R. §§ 404.1505, 416.905. The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. §§ 404.1520, 416.920; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). The plaintiff bears the burden of persuasion through Step 4, while at Step 5, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 127, 146 n.5 (1987).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*,

932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Procedural History

On January 21, 1999, Plaintiff filed an application for a period of disability and Disability Insurance Benefits ("DIB"), alleging a disability onset date of December 30, 1990. (Tr. 19, 169-171). The claim was denied initially and on reconsideration, and a request for hearing was timely filed. On June 30, 2000, Administrative Law Judge ("ALJ") Charles D. Romo issued an unfavorable decision (Tr. 40-48) concluding that Plaintiff was not disabled because she did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 and because she was deemed capable of performing past relevant work. (Tr. 47-48). The Appeals Council denied Plaintiff's request for review on January 25, 2002 (Tr. 115-16) and Plaintiff thereafter filed a complaint in the United States District Court for the Middle District of Florida. On July 26, 2002, the Court granted an unopposed motion to remand the case under sentence six, 42. U.S.C. 405(g), to the Commissioner for further proceedings. (Tr. 161-62). On October 7, 2002, the Appeals Council remanded the case for a new administrative hearing. (Tr. 163-64). ALJ Gerald F. Murray held a hearing on April 24, 2003, and entered an unfavorable decision June 17, 2003. (Tr. 16-39). Plaintiff then filed a Request for Review of Hearing Decision with the Appeals Council, which was denied on May 17, 2004. (Tr. 8-9). This appeal followed.

## III. The ALJ's Unfavorable Decision

At Step 1 the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 30, 1990. (Tr. 38). At Step 2, Plaintiff was determined to have an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(b). (Tr. 38). However, at Step 3, the ALJ found Plaintiff's impairments did not meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 38). Based upon Plaintiff's description of her past relevant work, the vocational expert's testimony, and Plaintiff's residual functional capacity ("RFC"), the ALJ concluded that Plaintiff is able to perform work as a secretary, clerical worker, collection worker, checker, or animal sitter as she previously performed it. (Tr. 38). Accordingly, Plaintiff was deemed ineligible for a period of disability and DIB based on the application filed January 21, 1999.

### IV. Review of Facts and Conclusions of Law

#### A.   Background Facts

Plaintiff, born September 17, 1955 (Tr. 85), was forty-seven years old on the date of the administrative decision under review. Plaintiff has a high school education and two years of college. (Tr. 20). Her past work experience includes employment as a probation officer, secretary, accounts receivable clerk, and corrections department manager. (Tr. 20). On January 21, 1999, Plaintiff alleged she became disabled on December 30, 1990, due to fibromyalgia and chronic fatigue syndrome. (Tr. 20). The medical evidence reveals that Plaintiff has a longstanding history of treatment for headaches, abdominal pain, and knee pain. (Tr. 22).

Plaintiff's complaint alleges that there is "no competent substantial evidence to

support the Social Security Administration's finding that Plaintiff is capable of performing her past relevant work, and, therefore, capable of substantial gainful activity; or that Plaintiff does not have an impairment listed in, or medically equal to one, in Appendix 1, Subpart P, Regulations No. 4.  (Doc. #1, ¶ 8).

**B.    Issues**

In her brief, Plaintiff asserts that the ALJ erred in finding that she did not meet or equal a listed impairment. (Doc. #21, pp. 13-16). Specifically, Plaintiff contends that the ALJ erred by not evaluating Listing 9.09, the listing for obesity. This listing was removed from the Medical Criteria for presumptive disability determinations and replaced with more restrictive guidance concerning the impact of obesity on other body system listings. Revised Medical Criteria for Determination of Medical Disability, *64 Fed. Reg. 46122, 46123* (1999). Even though Listing 9.09 was effectively deleted on October 25, 1999, Plaintiff argues that the Listings in effect on the date of her last insured, December 31, 1995, are the applicable Listings. (Doc. #21, p. 6). Thus, Plaintiff asserts that the ALJ's evaluation at Step 3 was undermined by his failure to consider Listing 9.09.

The Commissioner argues that the removal of Listing 9.09 is effective retroactively to claims pending at the time of the change, and that there is substantial evidence to affirm the ALJ's decision.

The Court, *infra*, finds in Section V. Part A, that the law concerning the ability of Social Security to make retroactive rule changes is not settled and the case need not be resolved on that basis.   The Court further finds in Section V. Part B, that Plaintiff has waived her argument that the ALJ should have relied upon pre-1999 Listings as to obesity because she did not claim obesity as a disabling condition anywhere in the administrative

process. Lastly, the Court finds that there is substantial evidence in the administrative record to affirm the Commissioner's decision.

## V. Analysis

### A. Retroactivity

The Commissioner argues the ALJ was not able to consider Plaintiff's impairments under Listing 9.09 as that listing was deleted prior to the hearing date. The Commissioner implies the Court is similarly constrained from reviewing Plaintiff's claim of disability in light of the deleted listing. *See* Doc. #22-1, generally. The Commissioner contends that the rule change which deleted Listing 9.09 effective October 25, 1999 applies to all pending cases, even cases such as the present case in which a claimant filed a claim before October 25, 1999. (Doc. #22-1, p. 5). Without explicitly using the term "retroactive"[3] in her brief, the Commissioner would prefer the Court to allow the application of an administrative rule retroactively. To support her position, the Commissioner turns to Social Security Ruling 02-01p[4] which states:

> 10. How Does the Deletion of Listing 9.09 Affect Claims Pending on October 25, 1999?
>
> The final rules that deleted the listing became effective on October 25, 1999. The final rules deleting listing 9.09 apply to claims that were filed before October 25, 1999, and that were awaiting an initial determination or that were pending appeal at any level of the administrative review process or that had been appealed to court. The change affected the entire claim, including the

---

[3] "Retroactive" is defined as "extending in scope or effect to matters that have occurred in the past." BLACK'S LAW DICTIONARY 1318 (7th ed. 1999).

[4] SSR 02-01p Titles II and XVI: Evaluation of Obesity was issued September 12, 2002 to supersede SSR 00-3p. SSR 00-3p Titles II & XVI: Evaluation of Obesity was issued May 12, 2000, which was prior to the ALJ's decision in the instant case. Paragraph 10 is identical in both rulings.

6

>period before October 25, 1999.  This is our usual policy with respect to any change in our listings.

SSR 02-1p, 2000 WL 628049, *7 (2002).[5]

Consequently, the question here is whether the deletion of the Social Security Administration's ("SSA") regulation that listed obesity as a disabling impairment may be applied retroactively to claims filed before the new Listings that deleted obesity went into effect.  The Supreme Court has stated that "an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress." *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 208 (1988).  Additionally, the Court stated that "[r]etroactivity is not favored in the law.  Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Id.*  Furthermore, the power of an administrative agency to promulgate retroactive rules must be expressly granted by Congress. *Id. See also Wright v. Director, Federal Emergency Management Agency*, 913 F.2d 1566, 1574 (11th Cir. 1990) (stating that when a regulation has the effect of creating an obligation, the principle that regulations cannot be construed to operate retroactively absent definitive legislative intention is strictly applicable).

In *Portlock v. Barnhart*, 208 F. Supp. 2d 451 (D. Del. 2002), the court synthesized Supreme Court jurisprudence to create two criteria which must be passed in order to apply administrative rules retroactively.  First, an agency must show its clear intention to apply

---

[5]The Court notes that Social Security Rulings are instructive, but do not have the force and effect of law or regulations. *Heckler v. Edwards*, 465 U.S. 870, 874 n.3 (1984); *Wagner v. Finch*, 413 F.2d 267, 268 (5th Cir. 1969). *See also Kokal v. Massanari*, 163 F.Supp.2d 1131 (N.D. Cal. 2001) (discussing Listing 9.09 in light of retroactive application of deletion and subsequent Social Security Rulings).

7

a rule retroactively. Second, if the agency does convey such an intention, Congress must have given the agency the authority to promulgate rules retroactively. *Id.* at 461. As indicated above, the Commissioner does express an intention to apply a rule retroactively. *See* SSR 02-1p, 2000 WL 628049 , *7 (2002). Since the SSA does intend to apply a rule retroactively, it must be determined whether Congress granted the SSA the power to promulgate retroactive rules.

> According to 42 U.S.C. § 405(a) (2005):
>
> Rules and regulations; procedures. The Commissioner of Social Security shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this title [42 U.S.C. §§ 401 et seq.], which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder.

Section 405(a) of the Social Security Act confers a broad grant of power to the Commissioner. However, according to the language of Section 405(a), that power does not appear to expressly grant the Commissioner the authority to hand down rules which may operate retroactively. Therefore, if the SSA was not given express authority by Congress to issue retroactive rules, the SSA would not have a valid grant of power to do so.

A number of courts have grappled with the application of a deleted listing to a claim filed before the deletion. Many of the jurisdictions have analyzed the deletion of Listing 9.09 and its retroactive application and have found that the SSA does not have the power to promulgate retroactive rules in this regard. It does not appear the Eleventh Circuit has addressed the retroactive effect of deleted listings on pending claims.

In *Cherry v. Barnhart*, 327 F. Supp. 2d 1347 (N.D. Okl. 2004), the court applied the aforementioned two-pronged test employed in *Portlock*. The plaintiff in *Cherry* had a history of morbid obesity. *Id.* at 1348. Cherry's claim for benefits was filed prior to deletion of Listing 9.09, but was pending initial determination when the change took place. The *Cherry* court noted that SSR 00-3p and SSR 02-1p provided proof of the agency's clear intent to apply a listing change retroactively. *Id.* at 1356. In determining whether Congress expressly authorized the SSA the power to promulgate retroactive rules, the court noted that the Commissioner had not cited any specific statute authorizing the SSA to apply a listing change retroactively. *Id.* The court then determined that 42 U.S.C. 405(a), the SSA's general rule-making power, does not provide statutory authority for retroactive rule-making. Thus, the court determined application of the revised Listings to the plaintiff's claim resulted in retroactive rule-making that was unauthorized. The case was remanded for evaluation under Listing 9.09 that was in effect at the time Cherry filed her claim. *Id.* at 1360.

In the unpublished opinion of *Nash v. Apfel*, No. 99-7109, 2000 WL 710491 (10th Cir. June 1, 2000),[6] the court disagreed with the Commissioner's argument that claims on judicial review should be evaluated in accordance with revised Listings in effect at the time of the review. *Id.* at *5-6. The plaintiff in *Nash* was denied benefits at the administrative level, prior to the deletion of Listing 9.09. The change became effective while the case was on appeal to the Tenth Circuit. The circuit court ultimately upheld the denial of benefits, but

---

[6] This opinion is cited for its persuasive value pursuant to Tenth Circuit Rule 36.3(B). The Court does note the *Nash* decision was issued June 1, 2000, two weeks subsequent to the issuance of SSR 00-3p, but the opinion does not mention the ruling. SSR 02-1p later superceded SSR 00-3p.

9

did consider the appellant's arguments in light of the Listings as they existed at the time of the administrative hearing below. *Id.* at *6.[7]

Other courts, such as *Cornett v. Massanari*, No. CV-00-1421-ST, 2001 WL 34043762 (D. Or. June 22, 2001), have found that the Commissioner's interpretation of the SSA's regulations should be given significant deference by the court.[8]  In *Cornett*, the Listings were changed after the claimant's case was heard by the ALJ but before the Appeal's Council reviewed the case.  The *Cornett* court decided that SSR 00-3p clearly directed the court to apply the new regulations and determined it would do so.  The court declined to find the deletion of Listing 9.09 had a retroactive effect on the pending case, and instead found Listing 9.09 no longer applied.  Because the Commissioner's

---

[7]In *Rudolph v. Apfel*, No. 00-4093-DES, 2000 WL 1916137 (D. Kan. Dec. 29, 2000), the court similarly found application of the new regulations to a pending claim would have an impermissible retroactive effect, which the court concluded was not the intent of the SSA and thus the plaintiff's claim was evaluated under the deleted Listing 9.09.

  In *Combs v. Commissioner of Social Security*, 400 F.3d 353 (6th Cir. 2005), a panel of the court found application of revised listings would have an impermissible retroactive effect on pending claims.  However, the court later *vacated* that opinion and granted an *en banc* hearing on the retroactivity issue.  A subsequent opinion has not been issued as of the date of this writing.  *See* http://pacer.ca6.uscourts.gov.

  In *Kokal v. Massanari*, 163 F.Supp.2d 1122, 1129-34 (N.D. Cal. 2001), the court concluded the Commissioner's argument that revised Listings should apply to pending claims would result in impermissible retroactivity.  The court ordered the case remanded for consideration under the old Listing 9.09.  *Id.* at 1134.

[8]In *Wooten v. Apfel*, 108 F.Supp.2d 921, 924 (E.D. Tenn. 2000); *Castrejon v. Apfel*, 131 F.Supp.2d 1053, 1056 (E. D. Wis. 2001); and, *Allen v. Apfel*, 2001 WL 253120 *14 (E. D. La. March 14, 2001, the courts declined to analyze the cases in light of deleted Listing 9.09 and instead applied the new listings in effect at the time of the review.

  In *Keenan v. Barnhart*, 375 F.Supp.2d 1335, the court conducted a thorough analysis of the retroactivity issue related to deleted Listing 9.09.  The court concluded application of the revised listings to pending claims had a prospective, rather than retroactive, effect because a social security claimant has no substantive right to benefits and the modification to the Listings does not preclude a finding of disability.  *Id.* at 1345.

10

interpretation was given deference and the new regulations no longer included an obesity listing, the case was remanded to consider the effects of the plaintiff's obesity under the new Listings. *Id.* at *6.

There is obvious disagreement among the courts concerning the issue of retroactive application of Listings changes in Social Security cases. Although the undersigned is inclined to agree with the analysis set forth in *Nash* and *Cherry*, the issue of retroactivity need not be resolved in the instant case in order for a decision to be reached. As discussed below, substantial evidence supports the Commissioner's denial of disability benefits.

**B. Waiver of Issue**

Plaintiff asserts that not only does she meet Listing 9.09, but that her due process rights were violated by the ALJ's failure to evaluate her according to the prior Listings. (Doc. #21, p. 15-16). However, review of the record as a whole reveals that Plaintiff never claimed obesity as a disabling condition until this current judicial review. An examination of the record shows that Plaintiff tediously filled out all necessary SSA forms in exacting detail, yet never once did she mention obesity as a disabling condition. *See* Tr. 177-180, 183-188, 198, 200-203, 205, 207-213, 218-219, 224-225, 235-238.

In *Sims v. Apfel*, 530 U.S. 103 (2000), the Court examined whether a plaintiff could raise an issue for judicial review that was not raised before the Social Security Appeals Council ("SSAC"). The Supreme Court concluded that issues raised before the ALJ but not brought up before the SSAC could be raised upon judicial review. *Id.* at 112. In the instant case, Plaintiff wishes to pursue a claim for disability based on an alleged impairment that

was not brought to the attention of the SSAC or raised before the ALJ.  In fact, as noted above, Plaintiff never once earlier asserted obesity as the cause of her alleged disability.

Concurring with the majority opinion in *Sims* that "a judicially created issue-exhaustion requirement is inappropriate" in Social Security cases under the current regulations, Justice O'Connor stated, "In most cases, an issue not presented to an administrative decisionmaker cannot be argued for the first time in federal court.  On this underlying principle of administrative law, the Court is unanimous." *Id.* (Justice O'Connor, concurring).  In the instant case, the Court is faced with considering the matter of a claimed impairment, obesity, that was not raised heretofore during the administrative claim process, not merely before the Appeals Council as in *Sims*.   Plaintiff Gentilman did not attempt to develop the record on obesity in any fashion, or to call such a claim to the ALJ's attention.  As the opinion in *Sims* states, the reason for requiring exhaustion of administrative proceedings is to allow parties "an opportunity to offer evidence on the general issues involved in the less formal proceedings before administrative agencies entrusted with the responsibility of fact finding." *Id.* at 87.

That orderly process also conserves judicial resources, since an issue properly raised and considered administratively may resolve at that stage, never reaching the courts.  And if it is appealed, there will be a clear administrative record on the issue for the courts to consider.  Even though, as *Sims* notes, the Social Security administrative process is not adversarial; there is no reason to believe that the administrative law judges should be clairvoyant as to disabilities not raised before them.  Plaintiff had legal counsel at the underlying administrative hearing who had the opportunity to present evidence of an

alleged obesity impairment at that time.

Thus, this is not a question of issue-exhaustion at one stage of the administrative process, as it was in *Sims*, but whether the administrative process was bypassed altogether as to one type of claim.

In *Taylor v. Apfel*, No. C 98-2628 MJJ, 2000 WL 365034 (N. D. Cal. Mar. 31, 2000), a case where the plaintiff attempted to claim a disabling impairment not previously identified, the court stated:

> This court notes that Taylor raised, for the first time, a claim that she may suffer from chronic fatigue syndrome. She never alleged that she suffers from such an impairment in front of the ALJ or the Appeals Council, and this court finds that she has therefore waived the issue.

*Id.* at *4. Similarly, in the present case, Plaintiff did not allege obesity as an impairment before the ALJ or the Appeals Council. In fact, Plaintiff's weight was only brought up once before the ALJ, and in that instance, it was the ALJ and who initiated an inquiry concerning Plaintiff's weight.[9] Therefore, following the reasoning of the *Taylor* court, the undersigned recommends the District Court find that Plaintiff has waived any appeal of the Commissioner's decision to deny benefits on the basis of an obesity claim by failing to raise the claim at any point in the administrative process. [10]

---

[9] At the April 24, 2003 administrative hearing, ALJ Murray asked Plaintiff if losing weight would help Plaintiff with her sleep problems. (Tr. 63).

[10] Alternatively, the Court notes that substantial evidence does not support Plaintiff's assertion that her condition meets former Listing 9.09. Listing 9.09 encompassed two criteria, both of which needed to be met in order for a claimant to determined as presumptively disabled under the Listing. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 9.09 (1999). The first criterion was a weight threshold which must be met or passed in order for the claimant to be evaluated at criterion two. Criterion two was a list of five maladies, any one of which claimant must possess. Additionally, the impairment must last or be expected to last for a *continuous* period of at least twelve months. 42 U.S.C. § 416(i)(1) (emphasis

### C. Review of the Record as a Whole

Plaintiff's complaint alleges that there is "no competent substantial evidence to support" the Commissioner's determination that she is not disabled under the Social Security Act. *See* Doc. #1.

The duty of this Court is to determine whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the factual findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). In fulfilling this duty, the Court is charged to scrutinize the entire record for the reasonableness of the Commissioner's decision. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). Review of the record as a whole reveals that the ALJ performed a detailed and thorough examination of the medical evidence of record, as well as the testimonial and anecdotal evidence. *See* Tr. 20-37, ALJ decision dated June 17, 2003. The ALJ's references to the record are accurate and reflect a careful consideration of the evidence contained therein.

---

added). As to Plaintiff, her height is 5 feet, 7 inches or 67 inches. (Doc. #21, p. 15). To qualify under former Listing 9.09, a woman of the height of 67 inches must weigh at least 282 pounds. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 9.09, Table II-Women (1999). A review of the medical evidence of record does not indicate that Plaintiff was at or above 282 pounds for a consecutive period of at least twelve months. The longest continuous period indicated in the medical record where Plaintiff was at or above the 282 pound threshold occurred from June 28, 1998 until August 29, 1998. (Tr. 410, 419, 422, 429). This period falls significantly short of the twelve month threshold and occurred <u>after</u> Plaintiff's date last insured for DIB. The record provides no indication Plaintiff could have satisfied former Listing 9.09 criteria. Thus, the ALJ did not err in failing to assess Plaintiff's asserted disability under former Listing 9.09. As review of the medical evidence of record reveals, Plaintiff did not demonstrate any of the required conditions. *See, e.g., Nash v. Apfel*, No. 99-7109, 2000 2000 WL 710491, *8-9 (10th Cir. June 1, 2000) (finding the ALJ does not have to discuss every piece of evidence in the record and the ALJ performed a proper step 3 analysis where his determination that the plaintiff did not have a listed impairment was supported by substantial evidence).

As to Plaintiff's RFC, the ALJ's comprehensive review of the medical record found that Plaintiff retains the ability to perform sedentary work. (Tr. 36). Sedentary work involves lifting no more than 10 pounds at a time, occasionally carrying light weight items, and a certain amount of walking and standing. 20 C.F.R. § 1567. The ability to sit at least six hours in an eight hour work day and the ability to walk and stand two to three hours in an eight hour work day is implied for a full range of sedentary work. *Miller v. Callahan*, 964 F. Supp. 939, 953 (D. Md. 1997). Fred Collins, a vocational expert, testified that Plaintiff could perform at a sedentary exertional level and could return to her past relevant work as a secretary, clerical worker, collection clerk, or checker. (Tr. 37). Plaintiff testified at the April 24, 2003 hearing as to operating a pet sitting company from approximately 1991 through 1995. (Tr. 78). As the ALJ noted in his decision, this activity is inconsistent with a claim of complete disability. (Tr. 35). The record also reveals that none of Plaintiff's numerous treating physicians has stated that Plaintiff is unable to work.[11]

Plaintiff has not offered evidence sufficient to support the claim that her chronic fatigue syndrome, migraines, poor memory, and fibromyalgia prevent her from performing her past relevant work. While it is evident from the record that Plaintiff has a panoply of illnesses and has suffered occasional injuries, there is not sufficient evidence to prove that any one of them separately or any combination rises to a level that prevents Plaintiff from performing sustained work activity. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (stating that claimant has the burden of proving that she is unable to perform her past relevant work). As such, substantial evidence supports the ALJ's assessment of

---

[11] In September 1997, T. Mark Lloyd, M.D. commented, "I will leave it to you (Dr. Boyle) as to judge whether the patient should be given the label of being 100% disabled." (Tr. 401).

Plaintiff's RFC to perform a full range of sedentary work.

Accordingly, after reviewing the decision of the ALJ and the record as a whole, the Court finds a reasonable person could accept as adequate the evidence put forth to support the conclusion of the ALJ that Plaintiff is not disabled.  *See Foote*, 67 F.3d at 1560.

### VI. Conclusion

Thus, the undersigned finds the decision of the Commissioner is based on substantial evidence in the record and recommends the decision be **AFFIRMED**.

**DONE AND ENTERED** at Jacksonville, Florida this 3rd  day of January, 2006.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to counsel of record